# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BARKACS,<br><br>             Plaintiff,<br><br>   v.<br><br>J. GARCIA, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:11-cv-00885-LJO-SKO PC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Doc. 19) |

Plaintiff James Barkacs, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 1, 2011.  This action is proceeding against Defendant Garcia for use of excessive force and against Defendants Garcia and Pano for unlawful conditions of confinement, in violation of the Eighth Amendment of the United States Constitution.

Pursuant to the USM-285 form returned by the United States Marshal, Defendant Pano was personally served on December 6, 2012, but he did not file a timely response to Plaintiff's complaint. On February 20, 2013, the Court ordered Defendant to show cause within twenty days why default should not be entered against him and simultaneously granted him a twenty-day extension of time to respond to the complaint.  On March 12, 2013, Defendant filed a response to the order to show cause and an answer to Plaintiff's complaint.

As recently stated in Bryant v. Shaefer, 1:11-cv-00444-SKO PC, "[a]s a general rule, default is disfavored and cases should be decided on their merits whenever reasonably possible." Bryant, 1:11-cv-00444-SKO (citing Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009) (quotation marks omitted); TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 693 (9th Cir.

2001); and <u>Eitel v. McCool</u>, 782 F.3d 1470, 1472 (9th Cir. 1986)). "In this instance, default has not yet been entered, and Defendant's failure to respond to Plaintiff's complaint constitutes excusable neglect, thereby demonstrating good cause to discharge the order to show cause." <u>Bryant</u>, 1:11-cv-00444-SKO PC (citing Fed. R. Civ. P. 55(c) (entry of default may be set aside for good cause);and <u>TCI Group Life Ins. Plan</u>, 244 F.3d at 695-99 (discussing culpability factor with respect to Rule 55(c) good cause standard)).  Furthermore, Defendant has now answered the complaint, precluding any entitlement to entry of default or default judgment.  Fed. R. Civ. P. 55; <u>Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.</u>, 375 F.3d 922, 927-28 (9th Cir. 2004) (if party appeared, clerk's entry of default void *ab initio*).

      Accordingly, the order to show cause is HEREBY DISCHARGED.

IT IS SO ORDERED.

**Dated:   March 13, 2013**               /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE