1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

| JAMES BARKACS, | CASE NO. 1:11-cv-00885-LJO-SKO PC |
|---|---|

10

| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE |
|---|---|

11

v.

(Doc. 19)

12

J. GARCIA, et al.,

13

Defendants.

                                        /

14

15    Plaintiff James Barkacs, a state prisoner proceeding pro se and in forma pauperis, filed this

16  civil rights action pursuant to 42 U.S.C. § 1983 on June 1, 2011.  This action is proceeding against

17   Defendant Garcia for use of excessive force and against Defendants Garcia and Pano for unlawful

18  conditions of confinement, in violation of the Eighth Amendment of the United States Constitution.

19    Pursuant to the USM-285 form returned by the United States Marshal, Defendant Pano was

20  personally served on December 6, 2012, but he did not file a timely response to Plaintiff's complaint.

21  On February 20, 2013, the Court ordered Defendant to show cause within twenty days why default

22  should not be entered against him and simultaneously granted him a twenty-day extension of time

23  to respond to the complaint.  On March 12, 2013, Defendant filed a response to the order to show

24  cause and an answer to Plaintiff's complaint.

25    As recently stated in Bryant v. Shaefer, 1:11-cv-00444-SKO PC, "[a]s a general rule, default

26  is disfavored and cases should be decided on their merits whenever reasonably possible."  Bryant,

27  1:11-cv-00444-SKO (citing Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir.

28  2009) (quotation marks omitted); TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 693 (9th Cir.

1

1   2001); and <u>Eitel v. McCool</u>, 782 F.3d 1470, 1472 (9th Cir. 1986)).  "In this instance, default has not

2   yet been entered, and Defendant's failure to respond to Plaintiff's complaint constitutes excusable

3   neglect, thereby demonstrating good cause to discharge the order to show cause."  <u>Bryant</u>, 1:11-cv-

4   00444-SKO PC (citing Fed. R. Civ. P. 55(c) (entry of default may be set aside for good cause);and

5   <u>TCI Group Life Ins. Plan</u>, 244 F.3d at 695-99 (discussing culpability factor with respect to Rule

6   55(c) good cause standard)).  Furthermore, Defendant has now answered the complaint, precluding

7   any entitlement to entry of default or default judgment.  Fed. R. Civ. P. 55; <u>Franchise Holding II,</u>

8   <u>LLC v. Huntington Rests. Grp., Inc.</u>, 375 F.3d 922, 927-28 (9th Cir. 2004) (if party appeared, clerk's

9   entry of default void *ab initio*).

10          Accordingly, the order to show cause is HEREBY DISCHARGED.

11

12

13

14   IT IS SO ORDERED.

15   **Dated:     March 13, 2013**                              /s/ Sheila K. Oberto
                                                          UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28