# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BARKACS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. GARCIA, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-00885-LJO-SKO PC<br><br>ORDER DIRECTING CLERK'S OFFICE TO CHANGE PLAINTIFF'S ADDRESS OF RECORD FROM KVSP TO CCI, REQUIRING DEFENDANT TO RE-SERVE MOTION TO DISMISS ON PLAINTIFF AT CCI WITHIN TEN DAYS, AND ADDRESSING LETTERS<br><br>(Docs. 24 and 27) |

　　　　Plaintiff James Barkacs, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 1, 2011.  The events giving rise to Plaintiff's Eighth Amendment claims against Defendants Pano and Garcia occurred in 2010 at California State Prison-Corcoran (CSP-Corcoran). (Docs. 1, 11.) Plaintiff sent letters to the Court on April 16, 2013, and May 20, 2013, complaining about his current conditions of confinement at California Correctional Institution (CCI).  (Docs. 24, 27.)

　　　　Based on Plaintiff's letters, the Court will direct the Clerk's Office to change Plaintiff's address of record from Kern Valley State Prison (KVSP) to CCI, and Defendant Pano shall re-serve his motion to dismiss filed on May 15, 2013, on Plaintiff at CCI.

　　　　Plaintiff's letters are rambling in large part, but they contain potentially serious allegations of abuse.  Due to those allegations, the Court deems it appropriate to provide Plaintiff with the following information.

///

This action is limited to adjudicating Plaintiff's claims against Defendant Pano and Garcia based on past events at CSP-Corcoran. *See e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); *American Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted). The Court does not have jurisdiction over prison officials at CCI and it cannot issue *any* orders addressing Plaintiff's conditions of confinement there, *regardless of the severity of the alleged conditions*. 18 U.S.C. § 3626(a)(1)(A); *Monsanto Co. v. Geerston Seed Farms*, __ U.S. __, __, 130 S.Ct. 2743, 2756 (2010); *Steel Co.*, 523 U.S. at 103-04; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992). If Plaintiff seeks to have his current conditions of confinement addressed, he must seek redress from another source. The Court cannot offer any further advisement to Plaintiff, and any further letters regarding Plaintiff's conditions of confinement at CCI will be ordered stricken from the record.

Accordingly, the Court HEREBY ORDERS as follows:

1. The Clerk's Office shall change Plaintiff's address of record from KVSP to CCI;
2. Within **ten (10) days** from the date of service of this order, Defendant shall re-serve his motion to dismiss on Plaintiff at CCI; and
3. Plaintiff's letters are deemed addressed.

IT IS SO ORDERED.

**Dated:** **May 31, 2013**        /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE