# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BARKACS, | Case No. 1:11-cv-00885-LJO-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAIULRE TO PROSECUTE, AND DENYING PENDING MOTIONS AS MOOT |
| v. | |
| J. GARCIA, et al., | (Docs. 26, 31, and 32) |
| Defendants. | |

Plaintiff James Barkacs, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 1, 2011. The events giving rise to Plaintiff's Eighth Amendment claims against Defendants Pano and Garcia occurred in 2010 at California State Prison-Corcoran (CSP-Corcoran).

Defendant Pano filed a motion to dismiss for failure to exhaust on May 15, 2013. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Plaintiff did not respond to the motion and on July 30, 2013, the Court issued an order requiring Plaintiff to file an opposition or a statement of non-opposition to Defendant's motion within twenty-one days. Local Rule 230(*l*). More than twenty-one days have passed, and Plaintiff has neither responded to Defendant's motion to dismiss nor otherwise been in contact with the Court.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los*

*Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *Id.* (citation omitted).

      Based on Plaintiff's failure to comply to with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. *Id.* This action, which has been pending since 2011, requires Plaintiff's cooperation in its prosecution, the action cannot simply remain idle on the Court's docket, and the Court is not in a position to expend its scant resources resolving an unopposed motion in light of Plaintiff's demonstrated disinterest in continuing the litigation. *Id.*

      Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to prosecute; and Defendant Pano's motion to dismiss and Defendants Pano and Garcia's motion to modify the scheduling order are DENIED as moot. *In re PPA*, 460 F.3d at 1226; Local Rule 110.

IT IS SO ORDERED.

    Dated:   **September 6, 2013**           /s/ Lawrence J. O'Neill
                                                           UNITED STATES DISTRICT JUDGE